IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RANSON GOODEN, ) | C.A. No. 3:07-3054-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| ) | DISMISSING FOR NON SERVICE |
| ) | |
| DOLLAR GENERAL CORP., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on January 22, 2008. For the reasons set forth below, the Report is adopted and the action is dismissed without prejudice for failure of service.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

The Report notes that Plaintiff was advised that he is responsible for serving Defendant but that he has failed to submit any proof of such service despite passage of more than 120 days since filing of the complaint. The Report, therefore, recommends that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) unless Plaintiff files proof of proper service within the time allowed for objection to the Report.

Plaintiff responded by filing a letter which states:

> Enclosed you will find proof of notification to Dollar General Corporation for return of service dated 9/9/07 addressed to the Dollar General's Legal Department, 100 Mission Ridge Goodlettsville, TN 30702. Please accept the enclosed documents as proof of notification.

Dkt No. 15.

The enclosed documents include a copy of the summons issued September 19, 2007, and a partially completed Return of Service form dated "9-9-07." The method of service marked on this form is "Other" after which Plaintiff notes service was "by US Mail service with a self address[ed] and stamped envelope." The form is not signed, although Plaintiff's name is printed in the "Name of Server" box.

To be effective, the form of service must satisfy either the state or federal requirements for service on a corporation. *See* Fed. R. Civ. P. 4(h), S.C. R. Civ. P. 4(d)(3) & (8). Although the state rules allow for service by mail, such service is effective only if sent "by registered or certified mail, return receipt requested and delivery restricted to the addressee." S.C.R. Civ. P. 4(d)(8). There is no suggestion that the mailing here satisfied these requirements. Instead, Plaintiff states only that he mailed the documents with a return, self-addressed envelope.

The proof of service is also defective in suggesting that the mailing occurred prior to issuance of the summons. For present purposes, the court will assume this is a simple error which

could be corrected by clarification. The court will also assume that Plaintiff's failure to sign the form could be cured by resubmission. Plaintiff's failure to indicate that service was made by a proper means is, however, fatal to the claim of valid service.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted and this action is dismissed without prejudice for failure of service.

IT IS SO ORDERED.

      s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 13, 2008

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\07-3054 gooden v dollar general.wpd